**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| OTIS RENALDO HARRIS, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RWT-14-1766 |
| | | (Related Criminal Case No. RWT-08-319) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |
| | *** | |

**MEMORANDUM OPINION**

Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to the provisions of 28 U.S.C. § 2255 on June 2, 2014. ECF No. 271. He challenges his conviction, which this Court entered against him on July 14, 2009, pursuant to a guilty plea. On November 23, 2009, he was sentenced to 280 months imprisonment with five years supervised release. Respondent has moved to dismiss the motion, arguing that it is untimely filed. ECF No. 274. Petitioner has filed a Motion in Support of Equitable Tolling. ECF No. 285.

The limitations period for filing the Motion to Vacate expired on December 16, 2010, one year after Petitioner's conviction became final.[1] Petitioner admits that his Motion is not filed within the one-year limitations period. ECF No. 285, at 2. He asserts in his Motion in Support of Equitable Tolling that he requested his trial attorney file an appeal on his behalf, but counsel failed to do so. Subsequently, Petitioner retained different counsel to either file an appeal or for post-conviction relief. Petitioner claims that after two and one-half years, this attorney advised Petitioner and his family that he could not do anything in regard to Petitioner's post-conviction

---

[1] Petitioner's judgment and commitment order was entered on December 2, 2009. ECF 190. Petitioner did not file a direct appeal and as such his conviction became final 14 days later, on December 16, 2009. *See* Fed. R. App. P. 4(b)(1)(A)(i).

remedies. *Id*. at 6–7. Petitioner states that he missed the filing deadline due to the delays by counsel.

To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his Motion to Vacate, or that circumstances beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.

Petitioner has failed to establish factors warranting equitable tolling of the statute of limitations. To the extent he is asserting that his attorney's error caused the delay in filing, that is insufficient for equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (attorney error is insufficient basis for equitable tolling). To the extent Petitioner is claiming he was not aware of his right to file a motion to vacate or was operating under the misconception that an appeal was pending, his mistaken beliefs are not circumstances beyond his control. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (ignorance of the law even for *pro se* litigant is insufficient).

Having concluded that the Motion to Vacate was filed beyond the statute of limitations, the Court will dismiss it as untimely in a separate Order which follows. When dismissal of a Motion to Vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  As neither applies here, no certificate of appealability shall issue.


November 4, 2015                                          /s/
Date                                              ROGER W. TITUS
                                                  UNITED STATES DISTRICT JUDGE