IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :
                                  :
v.                                :   Criminal No. DKC 08-00319-6
                                  :
OTIS HARRIS                       :
                                  :

**MEMORANDUM OPINION AND ORDER**

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c)(2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. See *id.* § 3582(c)(1)(A). Under the First Step Act of 2018, the compassionate release provision was modified to allow prisoners also to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
> (1) in any case that—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>      (i) extraordinary and compelling reasons warrant such a reduction;
>
> *   *   *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The defendant argues that "his age (46), declining health, COVID-19, and his decades of served incarceration" present "extraordinary and compelling reasons" warranting a sentence reduction to time served.  (ECF No. 340).  Mr. Harris submitted his request to the warden on March 31, 2020 (ECF No. 342-1), and more than 30 days have elapsed, thus satisfying the administrative exhaustion requirement.

Mr. Harris is confined at FCI Petersburg, where, he claims, "it is only a matter of time before COVID-19 finds its way" inside.  While he reiterates his age and that "he suffers from significant underlying health issues," he provides no specifics and no evidence.  As of May 13, 2020, the Bureau of Prisons website reports no cases of COVID-19 at Petersburg.  COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited May 13, 2020).  Mr. Harris is serving a 280 month sentence imposed on November 23, 2009, by Judge Roger W. Titus, on his conviction for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine.  His current release date is February 28, 2029.

While all share the concern over the public health challenges caused by COVID-19, and appreciate the heightened anxiety

experienced by those incarcerated in correctional facilities, the generalized and unspecific reasons stated by Mr. Harris do not satisfy the standard for compassionate release. *See, e.g., United States v. Hood*, 2020 WL 2091070 (W.D.N.C. April 30, 2020) ("Without a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility, . . . Defendant has not shown that 'extraordinary and compelling reasons' warrant his release.") As pointed out by Judge Bell, the BOP has instituted enhanced health and safety regulations to combat the spread of the disease.  See also, *United States v. Humphries*, 2020 WL 2331247 (W.D.N.C. May 11, 2020) ("[T]he mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release.  As the Court of Appeals for the Third Circuit recently noted, 'the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.' *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)."

Accordingly, the motion for compassionate release (ECF No. 340) BE, and the same hereby IS, DENIED.

May 15, 2020                             _____/s/_____
                                         DEBORAH K. CHASANOW
                                         United States District Judge